**Jas. D. O'CONNOR and Sleepy Hollow Trailer Courts, Relators,**

v.

**Hon. Owen GILES, Judge, Respondent.**

No. 15409.

Court of Civil Appeals of Texas.

Dallas.

Dec. 13, 1957.

Jas. D. O'Connor, Dallas, for relator.

Jack E. Brady, Dallas, for respondent.

DIXON, Chief Justice.

James D. O'Connor and Sleepy Hollow Trailer Courts, relators, have filed a motion asking that we grant them leave to file their application for a writ of mandamus directed to Hon. Owen Giles, Judge of County Court of Dallas County at Law No. 1. In the proposed application, copy of which is attached to their motion, relators seek to have us direct Judge Giles to prepare a statement of facts for use by relators in appeal No. 15,409, styled Jas. D. O'Connor v. Calvin Pugh. Relators say it is the duty of Judge

Giles to prepare the statement of facts pursuant to Rule 377(d), Texas Rules of Civil Procedure.

Relators were defendants in a suit in Justice Court, Dallas County, Texas. From an adverse judgment they appealed for a trial de novo in County Court at Law No. 1. From an adverse judgment in the latter court they have perfected an appeal to this Court.

Because of the expense of having the official court reporter prepare a statement of facts, relators as appellants in the appeal, elected to prepare and file with the Clerk a condensed statement in narrative which they desired to include in their record on appeal. Rule 377(a), T.R.C.P.

We quote from the condensed statement prepared by relators: " * * * the attorneys for defendants having desired to omit the testimony and evidence of other witnesses introduced in the trial of this cause, excepting the testimony and events happening soon after the testimony of Jack E. Brady and *all* the evidence introduced by him was as follows:" (Emphasis ours.) The narrative statement then goes on to say in effect that Jack E. Brady, a witness for plaintiff, testified that he was attorney for plaintiff, was familiar with the case, was acquainted with the charges made in cases of the kind in question, that a reasonable attorney's fee was $250 and that he wanted the jury to bring in a verdict of $250 as attorney's fee in the case.

The attorney for appellee Pugh, being dissatisfied with the above narrative statement, refused to agree to same and demanded in writing that the testimony in question and answer form be substituted for the statement. We quote from appellee's written demand: "Please be advised that I cannot agree to the proposed document which you have offered to be a narrative statement of facts in the above case for the reason that same does not contain all the evidence presented by the witness in question nor is it an accurate statement of the testimony. Therefore, in accordance with

Rule 377 of the Texas Rules of Civil Procedure, I hereby request that all of the testimony of this witness described in your proposal be presented in question and answer form." Appellee's demand was in compliance with Rule 377(a) T.R.C.P.

Thereafter the trial court refused to approve the condensed statement in narrative form, but instead, entered an order directing that the testimony of the witness Jack E. Brady be reduced to writing in question and answer form.

Relators did not prepare and offer a substitute statement in question and answer form of Brady's testimony. Instead they filed a motion asking the trial judge to prepare such a statement. The trial judge refused to do so, overruling relators' motion. It was this refusal which led to the request by relators for leave to file their application for writ of mandamus whereby they would have this Court to direct the trial judge to prepare a statement in question and answer form of Brady's testimony.

Under the circumstances there was no duty on the part of the trial judge to prepare the statement requested by relators. It was the duty of relators themselves to prepare and offer the statement if they did not wish to employ the court reporter to do so.

Relators apparently look to Rule 377(d) as authority for their contention that it was the duty of the trial judge to prepare a condensed statement in question and answer form. We quote from Rule 377(d): " * * * If any difference arises as to whether the record truly discloses what occurred in the trial court, or if the opposing party fails to agree or to disagree within ten days after being furnished with a copy of the proposed statement of facts, the matter shall be submitted to and settled by the trial court or judge thereof and the statement of facts be by him made to conform to the truth."

In our opinion it was the duty of relators to offer a substituted condensed statement in question and answer form before

they were entitled to call on the judge to settle differences between the parties as to whether the record truly disclosed what occurred in the trial court. Then if the parties still disagreed it would have been the duty of the trial judge to make the substituted statement "conform to the truth." Since relators have not complied with the court's order to submit a proposed statement of the desired testimony in question and answer form, they are not in position to demand that the court settle the differences pursuant to Rule 377(d).

The motion for leave to file an application for a writ of mandamus is overruled.